**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| GIOVANNI OTTAVIANI, individually and derivatively on behalf of 5742 Milwaukee LLC; and NEW PARADISE S.r.l., an Italian società a responsabilità limitata, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | Judge |
| FORTUNATO RUBINO, individually; VITO RUBINO, individually; MARIA RUBINO, individually; 5742 MILWAUKEE LLC, an Illinois limited-liability company, nominally; RUBINO OTTAVIANI LLC, an Illinois limited-liability company; and RUBINO PROPERTIES LLC, an Illinois limited-liability company, | ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff Giovanni Ottaviani ("Mr. Ottaviani"), individually and derivatively on behalf of 5742 Milwaukee LLC, and Plaintiff New Paradise S.r.l. (together, "Plaintiffs"), by their undersigned counsel, complain as follows against Defendants Fortunato Rubino, Vito Rubino, Maria Rubino, Rubino Ottaviani LLC, and Rubino Properties LLC (together, the "Rubino Defendants") and Nominal Defendant 5742 Milwaukee LLC (together with the Rubino Defendants, "Defendants"):

### NATURE OF CASE

1.     Mr. Ottaviani, through New Paradise S.r.l., an Italian società a responsabilità limitata, operates a highly successful bakery in Palermo, Sicily, under the name "New Paradise" (the "Palermo Bakery").

2.      Beginning in 2018, Fortunato Rubino engaged in a pattern of fraudulent misrepresentations and omissions to convince Mr. Ottaviani to participate in a business venture in which Fortunato Rubino would create a branch of the Palermo Bakery in Chicago, Illinois (the "Chicago Bakery"), and purchase a building to be used in operating the Chicago Bakery and generating rental income (the "Business").

3.      In exchange for the Chicago Bakery's use of the Palermo Bakery's name, Mr. Ottaviani's financial contributions to the Business, Mr. Ottaviani's expertise, and Mr. Ottaviani's expenditure of time and effort to train members of the Chicago Bakery's staff and assist with the Chicago Bakery's operations, Fortunato Rubino agreed that Mr. Ottaviani would become a one-third owner of the Business and would be entitled to a proportionate share of its proceeds, which would include the income generated by the Chicago Bakery and the income generated by renting the units in the building Mr. Ottaviani helped to purchase.

4.      In or around March 2022, approximately three years after Fortunato Rubino and Mr. Ottaviani executed an operating agreement for 5742 Milwaukee LLC, a limited-liability company created in connection with the Business, the Chicago Bakery held its grand opening and began operating.

5.      Among other things, the operating agreement for 5742 Milwaukee LLC (the "Operating Agreement") entitled Mr. Ottaviani to (a) allocations of 5742 Milwaukee LLC's profits and (b) distributions of 5742 Milwaukee LLC's net-operating cash flow.

6.      To date, Mr. Ottaviani has not received any allocations or distributions in connection with the Business.

7.      In addition, despite Mr. Ottaviani's financial contributions to the Business, which have totaled approximately €440,000.00, and which were intended to be used, in part, to pay the

2

Chicago Bakery's suppliers, several of the Chicago Bakery's suppliers have not been paid, thereby negatively affecting Plaintiffs' reputation, given that the same suppliers that supply the Chicago Bakery also supply the Palermo Bakery.

8.     Mr. Ottaviani has twice formally inquired into how the funds he has invested in the Business have been used.

9.     During a February 2023 in-person meeting between Mr. Ottaviani and Fortunato Rubino in Palermo, Sicily, Fortunato Rubino was unable explain the Chicago Bakery's use of Mr. Ottaviani's funds.

10.     In response to a March 2023 demand and cease-and-desist letter from Plaintiffs' counsel, Fortunato Rubino declined to explain the Chicago Bakery's use of Mr. Ottaviani's funds.

11.     Throughout the duration of Fortunato Rubino's misconduct, Vito Rubino and Maria Rubino, who are managers, respectively, of Rubino Ottaviani LLC and Rubino Properties LLC and are Fortunato Rubino's children, have been fully aware of Mr. Ottaviani's involvement in the Business, have been fully aware of Fortunato Rubino's mismanagement and misuse of Mr. Ottaviani's funds, and have benefited from Fortunato's Rubino's misconduct.

12.     As a result of the Rubino Defendants' misconduct, Plaintiffs are entitled, in relevant part, to the entry of a judgment (a) requiring the Rubino Defendants to immediately cease and desist from using the name and logo "New Paradise" and from asserting any connection with the Palermo Bakery; (b) requiring the Rubino Defendants to provide a full accounting of the books and records for 5742 Milwaukee LLC, Rubino Ottaviani LLC, and Rubino Properties LLC from January 2019 through the present; (c) awarding Plaintiffs compensatory damages exceeding the sum of $75,000 in an amount to be determined at trial; and (d) awarding Plaintiffs punitive damages in an amount to be determined at trial.

## PARTIES

13.     Mr. Ottaviani is the sole member of New Paradise S.r.l., and a member of 5742 Milwaukee LLC.

14.     Mr. Ottaviani resides in Palermo, Sicily.

15.     New Paradise S.r.l. is an Italian società a responsabilità limitata with its principal place of business located in Palermo, Sicily.

16.     Fortunato Rubino is a member and manager of 5742 Milwaukee LLC, a manager of Rubino Ottaviani LLC, and a manager of Rubino Properties LLC.

17.     Fortunato Rubino resides in Cook County, Illinois.

18.     Vito Rubino is Fortunato Rubino's son.

19.     Vito Rubino is a manager of Rubino Ottaviani LLC.

20.     Vito Rubino resides in Cook County, Illinois.

21.     Maria Rubino is Fortunato Rubino's daughter.

22.     Maria Rubino is a manager of Rubino Properties LLC.

23.     Maria Rubino resides in Cook County, Illinois.

24.     5742 Milwaukee LLC is an Illinois manager-managed limited-liability company with its principal place of business located at 5990 N. Northwest Highway, Chicago, Illinois 60631.

25.     Rubino Ottaviani LLC is an Illinois manager-managed limited-liability company with its principal place of business located at 5742 N. Milwaukee Ave, Chicago, Illinois 60646.

26.     Rubino Properties LLC is an Illinois manager-managed limited-liability company with its principal place of business located at 5990 N. Northwest Highway, Chicago, Illinois 60631.

## JURISDICTION AND VENUE

27.     Subject-matter jurisdiction exists over the claim alleged in Count I under 28 U.S.C. § 1331 because the claim arises under the laws of the United States.

28.     Subject-matter jurisdiction exists over the claims alleged in Counts II through IX, which are based on Illinois state law, because the Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367 given that those claims are so related to the claim asserted in Count I, which falls within the Court's original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

29.     Alternatively, subject-matter jurisdiction exists over the claims alleged in Counts I through IX under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs, on the one hand, and Defendants, on the other hand, because (a) Plaintiffs are citizens of a foreign state given that Mr. Ottaviani, both individually and as the sole member of New Paradise S.r.l, is a citizen of Italy; (b) Fortunato Rubino, Vito Rubino, and Maria Rubino are citizens of the State of Illinois; (c) Rubino Ottaviani LLC and Rubino Properties LLC are citizens of the State of Illinois based on the Illinois citizenship of their members; and (d), although 5742 Milwaukee LLC has one member, Fortunato Rubino, who is a citizen of the State of Illinois, and a second member, Mr. Ottaviani, who is a citizen of Italy, a foreign state, 5742 Milwaukee LLC is a nominal defendant whose citizenship may be disregarded for diversity purposes.

30.     Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b) because (a) some or all of the Defendants reside in this district, and (b) a substantial part of the events giving rise to the claims alleged in this complaint occurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

### *The Palermo Bakery*

31.     Mr. Ottaviani owns New Paradise S.r.l., which operates a highly successful bakery in Palermo, Sicily, under the name "New Paradise."

32.     "New Paradise" is a registered Italian trademark owned by New Paradise S.r.l.

33.     Mr. Ottaviani's family has operated the Palermo Bakery since 1978 and spent decades building up the Palermo Bakery's reputation and goodwill with the Palermo Bakery's customers and suppliers.

34.     The Palermo Bakery's brand is well-known in Italy and in other areas, particularly those with residents of Italian descent.

### *The Business*

35.     In 2018, Fortunato Rubino approached Mr. Ottaviani about opening a bakery in Chicago under the name "New Paradise."

36.     In approaching Mr. Ottaviani about opening the Chicago Bakery, Fortunato Rubino wished to capitalize on the Palermo Bakery's well-established reputation and goodwill.

37.     Mr. Ottaviani agreed to use the Palermo Bakery's name, reputation, and goodwill to help Fortunato Rubino establish the Chicago Bakery.

38.     Based on Fortunato Rubino's representations to Mr. Ottaviani, the Business would consist of (a) purchasing a building in Chicago at 5742 North Milwaukee Avenue; (b) opening and operating a branch of the Palermo Bakery in Chicago; and (c) collecting rent on the apartments, and on the Chicago Bakery, located at 5742 North Milwaukee Avenue.

39.     Mr. Ottaviani and Fortunato Rubino agreed that, in exchange for Mr. Ottaviani's support, including financial contributions, labor, and training, he would become a one-third owner

6

of the Business and be entitled to a proportionate share of its proceeds, which would include the income generated by the Chicago Bakery and the income generated by renting the units in the building located at 5742 North Milwaukee Avenue.

40.     On December 20, 2018, Fortunato Rubino organized an Illinois limited-liability company named 5742 Milwaukee LLC.

41.     A true and correct copy of the Illinois Secretary of State's LLC File Detail Report for 5742 Milwaukee LLC is attached to this complaint as **Exhibit A**.

42.     On or about March 1, 2019, Mr. Ottaviani signed the Operating Agreement for 5742 Milwaukee LLC.

43.     Mr. Ottaviani, who neither speaks nor reads English, reposed his full trust in Fortunato Rubino in connection with executing the Operating Agreement.

44.     A true and correct copy of the Operating Agreement is attached to this complaint as **Exhibit B**.

45.     In relevant part, the Operating Agreement entitled Mr. Ottaviani to (a) allocations of 5742 Milwaukee LLC's profits and (b) distributions of 5742 Milwaukee LLC's net-operating cash flow.

### *Mr. Ottaviani's Contributions to the Business*

46.     Mr. Ottaviani contributed approximately €440,000.00 to the Chicago Bakery.

47.     Those contributions consisted of, among other things, a series of wire transfers to Fortunato Rubino and the Chicago Bakery for expenses related to the Business; the direct payment of certain invoices for the Chicago Bakery; and the payment of salaries, airfare, and other travel expenses for employees of the Palermo Bakery, and others, who traveled to Chicago to help establish the Chicago Bakery.

48.     In addition to Mr. Ottaviani's direct financial contributions, he personally expended considerable time and energy to train the Chicago Bakery's staff, establish relationships between the Palermo Bakery's suppliers and the Chicago Bakery, and ensure that Fortuanto Rubino and Vito Rubino had all the knowledge and resources they needed to run a successful bakery.

### *The Other Limited-Liability Companies*

49.     On April 15, 2019, Fortunato Rubino organized a limited-liability company named Rubino Ottaviani LLC.

50.     A true and correct copy of the Illinois Secretary of State's LLC File Detail Report for Rubino Ottaviani LLC is attached to this complaint as **Exhibit C**.

51.     Unknown to Mr. Ottaviani, Fortunato Rubino formed Rubino Ottaviani LLC to hold the business license for the Chicago Bakery.

52.     Fortunato Rubino did not advise Mr. Ottaviani that he had formed Rubino Ottaviani LLC.

53.     Mr. Ottaviani is not a member of Rubino Ottaviani LLC.

54.     At the time Rubino Ottaviani LLC was formed, the managers of Rubino Ottaviani LLC were Fortunato Rubino and his son, Vito Rubino.

55.     Fortunato Rubino and his daughter, Maria Rubino, manage several properties through a limited-liability company named Rubino Properties LLC.

56.     Fortunato Rubino organized Rubino Properties LLC on June 16, 2016.

57.     A true and correct copy of the Illinois Secretary of State's LLC File Detail Report for Rubino Properties LLC is attached to this complaint as **Exhibit D**.

58.     Mr. Ottaviani is not a member of Rubino Properties LLC.

59.     The managers of Rubino Properties LLC are Fortunato Rubino and Maria Rubino.

8

60.     Fortunato Rubino did not ever tell Mr. Ottaviani that any aspects of the Business would be managed through Rubino Ottaviani LLC or Rubino Properties LLC.

61.     Fortunato Rubino did not ever tell Mr. Ottaviani that any assets of the Business would be held or encumbered by Rubino Ottaviani LLC or Rubino Properties LLC.

62.     Mr. Ottaviani did not ever consent to having any aspects of the Business managed through Rubino Ottaviani LLC or Rubino Properties LLC.

63.     Mr. Ottaviani did not ever consent to having any assets of the business held or encumbered by Rubino Ottaviani LLC or Rubino Properties LLC.

### *The Opening of the Chicago Bakery*

64.     In March 2022, approximately three years after the Operating Agreement was executed, the Chicago Bakery began operating at 5742 Milwaukee Avenue.

65.     At the time the bakery opened, the connections between the Chicago Bakery and the Palermo Bakery were featured prominently on the Chicago Bakery's website.

66.     The Chicago Bakery's website contained the phrase: "Baking Traditions Since 1978."

67.     The Chicago Bakery's website also stated that "New Paradise began its story in 1978 in Palermo, Sicily," and has been "growing and improving [its] business for over 40 years."

68.     In addition, the Chicago Bakery's website stated that "[w]hat started as a traditional Sicilian bakery and gelateria has now become so much more."

69.     A true and correct copy of the home page from the Chicago Bakery's website as it appeared in April 2022 is attached to this complaint as **Exhibit E**.

70.     The name and brand recognition associated with the name "New Paradise" played a critical role in establishing and promoting the Chicago Bakery.

71.     One of the media outlets that covered the Chicago Bakery after the Chicago Bakery opened stated that the Chicago Bakery would be "offering a variety of bakery items and gelato, using fresh ingredients and recipes from its sister location in Palermo on the island of Sicily."

72.     A true and correct copy of the article containing the quotation set forth above, titled *New Paradise Bakery, whose sister location is in Sicily, set to open Sat., March 26, inside former Gladstone Park Bakery facility, which has undergone major renovations*, dated March 16, 2022, is attached to the complaint as **Exhibit F**.

73.     Another media outlet expressly quoted Vito Rubino, identified as the Chicago Bakery's "owner and chef," as saying: "The bakery is so popular in Palermo that people from Palermo were calling their relatives here in Chicago and telling them that New Paradise was opening here."

74.     A true and correct copy of the article containing the quotation set forth above, titled *New Paradise Bakery Brings Sicilian Pastries, Gelato and More to Gladstone Park*, dated September 8, 2022, is attached to the complaint as **Exhibit G**.

75.     Another media outlet recorded, televised, and posted an interview with Vito Rubino in which Vito Rubino stated that "[o]ur partner originally started in Palermo in the early 80s, . . . and he brought the concept here, and we went on board with him, and we bring in a lot of product from Sicily . . . . We actually mirrored the bakery in Palermo, as far as product . . . ."

76.     During the same interview, Vito Rubino went on to state: "There's people that come in here that had lived in Palermo and migrated here to the U.S., so they come here, and they feel like they're at home."

77.     A true and correct recording of the interview quoted above, which was posted on September 5, 2022, is available at https://wgntv.com/video/chicago-scene-at-new-paradise-

10

bakery-in-gladstone-park/7969110/ under the byline "Chicago Scene at New Paradise Bakery in Gladstone Park."

78.     Another media outlet recorded, televised, and posted an interview with Vito Rubino in which Vito Rubino stated that, "[i]n 1972, Marco started a bakery called 'New Paradise Bakery,' and this year in March, we opened up here, and we bring in all traditional Sicilian treats . . . ."

79.     "Marco" is the name by which Mr. Ottaviani's friends and acquaintances commonly refer to him, and Vito Rubino's reference to "Marco" was to Mr. Ottaviani.

80.     During the same interview, Vito Rubino proceeded to state that he spoke to Mr. Ottaviani "every single day" to discuss "procedures and techniques and recipes."

81.     The video footage of the interview later shows Mr. Ottaviani himself, at work in the Chicago Bakery's pastry kitchen, creating what Vito Rubino describes as "new masterpieces."

82.     A true and correct recording of the interview quoted above, which was posted on October 26, 2022, is available at https://www.fox32chicago.com/video/1135121 under the byline "New Paradise Bakery celebrates Italian Heritage Month."

*Mr. Ottaviani's Concerns with the Business*

83.     After the Chicago Bakery began operating, it came to Mr. Ottaviani's attention that Rubino Ottaviani LLC, of which Mr. Ottaviani is not a member, holds the business license for the Chicago Bakery.

84.     A true and correct copy of the Chicago Bakery's business license is attached to this complaint as **Exhibit H**.

85.     After the Chicago Bakery began operating, it came to Mr. Ottaviani's attention that Maria Rubino, the comanager of Rubino Properties LLC, granted a mortgage on the property

located at 5742 North Milwaukee Avenue to Pan American Bank & Trust in exchange for a loan of $600,000.

86.     A true and correct copy of the mortgage on the property located at 5742 North Milwaukee Avenue, dated March 17, 2021, is attached to this complaint as **Exhibit I**.

87.     After the Chicago Bakery began operating, it came to Mr. Ottaviani's attention that certain suppliers with whom Mr. Ottaviani had longstanding relationships through the Palermo Bakery had not been paid for supplies they furnished to the Chicago Bakery.

88.     Since the time the Chicago Bakery began operating, Mr. Ottaviani has not received any allocations or distributions in connection with the Business.

89.     In February 2023, Mr. Ottaviani met in person with Fortunato Rubino in Palermo, Sicily, to voice his concerns about the Business, including but not limited to the absence of any earnings, the unpaid invoices, and the fact that the Business's license was being held by Rubino Ottaviani LLC, an entity in which Mr. Ottaviani has no ownership interest.

90.     Despite Mr. Ottaviani's last name being part of the name "Rubino Ottaviani LLC," Mr. Ottaviani did not know that Rubino Ottaviani LLC existed until his investigation of late payments from the Chicago Bakery to the Palermo Bakery's suppliers, which occurred shortly before the February 2023 meeting with Fortunato Rubino.

91.     At the February 2023 meeting, Fortunato Rubino was unable to explain how the funds Mr. Ottaviani had contributed to the Business had been used.

92.     After the February 2023 meeting, Fortunato Rubino caused the corporate records for Rubino Ottaviani LLC to reflect that Mr. Ottaviani is a manager of Rubino Ottaviani LLC.

93.     Mr. Ottaviani was designated as a manager of Rubino Ottaviani LLC without his prior knowledge or consent.

94.     When Fortunato Rubino caused the corporate records for Rubino Ottaviani LLC to reflect that Mr. Ottaviani is a manager of Rubino Ottaviani LLC, he did not designate Mr. Ottaviani as a member of Rubino Ottaviani LLC.

95.     On March 16, 2023, Mr. Ottaviani, through his counsel, sent the Rubino Defendants a demand and cease-and-desist letter requesting, in relevant part, (a) that Mr. Ottaviani be made whole for the funds he had invested in the Chicago Bakery; (b) that Fortunato Rubino provide Mr. Ottaviani with a full accounting of the corporate books and records for 5742 Milwaukee LLC, Rubino Ottaviani LLC, and Rubino Properties LLC; and (c) that the Chicago Bakery cease and desist from using Plaintiffs' trademark, including but not limited to ceasing and desisting from using the name and logo "New Paradise" in any form and ceasing and desisting from asserting any connection to the Palermo Bakery.

96.     The Rubino Defendants declined to reimburse Mr. Ottaviani for the funds he has invested in the Chicago Bakery, provide Mr. Ottaviani with an accounting, or cease and desist from using the name and logo "New Paradise" and asserting any connection to the Palermo Bakery.

### *The Injuries Caused by the Rubino Defendants*

97.     The injuries caused by the Rubino Defendants' conduct, including but not limited to the mismanagement and dissipation of the funds Mr. Ottaviani invested in the Business, the ongoing unauthorized use of the trademark "New Paradise," the diversion of the Chicago Bakery's business license to a limited-liability company in which Mr. Ottaviani has no ownership interest, and the encumbrance of the real property owned by 5742 Milwaukee LLC through a mortgage taken out by the agent of a limited-liability company in which Mr. Ottaviani has no ownership interest, constitute injuries directly to Mr. Ottaviani and, in the instance of the ongoing

unauthorized use of the trademark "New Paradise," directly to Mr. Ottaviani and New Paradise S.r.l.

98.    Alternatively, in accordance with 805 ILCS 180/40–1 and 805 ILCS 180/40–10, to the extent any of these injuries are injuries to 5742 Milwaukee LLC, and to the extent any of the claims asserted by Plaintiffs must be pursued derivatively, any effort by Mr. Ottaviani to cause Fortunato Rubino, the manager and majority member of 5742 Milwaukee LLC, to bring a lawsuit on behalf of 5742 Milwaukee LLC to recover for misconduct perpetrated by Fortunato Rubino is not likely to succeed.

## COUNT I
### (Violations of the Lanham Act – Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC)

99.    Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 98 as though fully set forth in this paragraph.

100.    The name "New Paradise" is a registered Italian trademark that is protectable as an indicium of commercial origin.

101.    Plaintiffs have rights in the name "New Paradise" based on their ownership of the "New Paradise" trademark.

102.    Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC, which is doing business as the Chicago Bakery, have used, and continue to use, the name "New Paradise" in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), because their activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and public deception and serious injury to the goodwill and reputation of the Palermo Bakery.

103.    Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC, knowing the well-established good reputation of the Palermo Bakery, have attempted to capitalize on that reputation

14

by relying on the Chicago Bakery's affiliation with the Palermo Bakery to promote the Chicago Bakery and profit from the business conducted by the Chicago Bakery.

104.    The name and brand recognition associated with the name "New Paradise" played a critical role in establishing and promoting the Chicago Bakery, as evidenced by media coverage regarding the success of the Palermo Bakery and the connection between the Chicago Bakery and the Palermo Bakery.

105.    Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC's actions demonstrate a deliberate and willful intent to trade on the goodwill associated with the "New Paradise" name, thereby causing immediate, substantial, and irreparable injury to Plaintiffs, who have asked Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC to cease and desist from their ongoing unauthorized use of the name and logo "New Paradise" and their ongoing unauthorized assertion of a connection to the Palermo Bakery.

106.    As a direct and proximate result of these actions, Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC have caused, and are likely to continue to cause, substantial injury to Plaintiffs and the public.

### COUNT II
### (Breach of Fiduciary Duty – Fortunato Rubino)

107.    Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 98 as though fully set forth in this paragraph.

108.    5742 Milwaukee LLC is a manager-managed limited-liability company.

109.    Under the Illinois Limited Liability Act (the "LLC Act") and Illinois common law, managers owe fiduciary duties to the limited-liability company and its members. 810 ILCS 180/15–3.

110.     Under the LLC Act, "[i]n a manager-managed company[,] … a manager is held to the same standards of conduct prescribed for its members." 805 ILCS 180/15–3(g)(2).

111.     Those standards include, but are not limited to, fiduciary duties of loyalty and care, including but not limited to (a) the duty "to account for the company and hold as trustee for it any property, profit, or benefit derived by the [manager] in the conduct… of the company's business or derived from a use by the [manager] of the company's property" and (b) the duty "to refrain[] from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law." 805 ILCS 180/15–3(b)(1), (c).

112.     As the manager of 5742 Milwaukee LLC, Fortunato Rubino owes fiduciary duties of loyalty and care to 5742 Milwaukee LLC and Mr. Ottaviani.

113.     Fortunato Rubino has breached his fiduciary duties of loyalty and care by (a) mismanaging funds invested into the Business by Mr. Ottaviani; (b) failing to pay Mr. Ottaviani any returns on his investments of time and money into the Business; (c) allowing a separate limited-liability company in which Mr. Ottaviani has no ownership interest, Rubino Ottavian LLC, to own and hold the business license for the Chicago Bakery, which rightfully belongs to 5742 Milwaukee LLC; and (d) allowing the comanager of a separate limited-liability company in which Mr. Ottaviani has no ownership interest, Rubino Properties LLC, to encumber the property owned by 5742 Milwaukee LLC with a mortgage and use the proceeds of the mortgage loan for purposes other than those beneficial to 5742 Milwaukee LLC.

114.     Fortunato Rubino's breaches of his fiduciary duties of loyalty and care have directly and proximately caused damages exceeding the sum of $75,000 in an amount to be determined at trial.

**COUNT III**
**(Fraudulent Misrepresentation – Fortunato Rubino)**

115.    Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 98 as though fully set forth in this paragraph.

116.    In 2018, Fortunato Rubino falsely stated to Mr. Ottaviani that, in exchange for Mr. Ottaviani's financial contributions, labor, training, and authorization to use the name "New Paradise," Mr. Ottaviani would become a one-third owner of the Business and would receive a proportionate share of its proceeds, including one-third of the income generated by the Chicago Bakery and one-third of the income generated by renting units in the building located at 5742 North Milwaukee Avenue.

117.    Fortunato Rubino knew these statements to be false because, at the time the statements were made, Fortunato Rubino had no intention of sharing the proceeds of the Business with Mr. Ottaviani.

118.    Fortunato Rubino intended to induce Mr. Ottaviani to act in reliance upon these knowingly false statements by contributing money, labor, and training to the Business and authorizing the Business to use the name "New Paradise."

119.    Mr. Ottaviani reasonably relied upon his belief that Fortunato Rubino's statements were true by, among other things, (a) investing approximately €440,000.00 to develop and support the Business, (b) devoting his time and expertise to the Business, (c) helping Fortunato Rubino establish relationships with the Palermo Bakery's suppliers, and (d) allowing the Business to use the name "New Paradise."

120.    As a direct and proximate result of Fortunato Rubino's false statements, Mr. Ottaviani has suffered damages exceeding the sum of $75,000 in an amount to be determined at trial.

**COUNT IV**
**(Fraudulent Concealment – Fortunato Rubino)**

121.    Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 98 as though fully set forth in this paragraph.

122.    At the time Fortunato Rubino approached Mr. Ottaviani regarding the Business, Fortunato Rubino concealed from Mr. Ottaviani the material facts that (a) he did not intend to share the proceeds of the Business with Mr. Ottaviani, (b) he did not intend to provide Mr. Ottaviani with an ownership interest in the entity that holds the business license for the Chicago Bakery, and (c) he intended to encumber the property at 5742 North Milwaukee Avenue with a mortgage granted by the agent of an entity in which Mr. Ottaviani has no ownership interest.

123.    Fortunato Rubino's concealment of these material facts was intended to induce the false belief in Mr. Ottaviani that he would become a one-third owner of the Business and receive a proportionate share of its proceeds, including one-third of the income generated by the Chicago Bakery and one-third of the income generated by renting units in the building located at 5742 North Milwaukee Avenue.

124.    Mr. Ottaviani could not have discovered the truth about the material facts Fortunato Rubino concealed through a reasonable inquiry or inspection, and he relied upon Fortunato Rubino's silence regarding those facts as a representation that they did not exist and that Mr. Ottaviani would, in fact, become a one-third owner of the Business and receive a proportionate share of its proceeds.

125.    Had Mr. Ottaviani been aware of the material facts concealed by Fortunato Rubino, Mr. Ottaviani would have acted differently by not agreeing to participate in the Business.

126.    As a direct and proximate result of Mr. Ottaviani's reliance on Fortunato Rubino's fraudulent concealment of material facts, Mr. Ottaviani has suffered damages exceeding the sum of $75,000 in an amount to be determined at trial.

**COUNT V**
**(Conversion – Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC)**

127.    Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 98 as though fully set forth in this paragraph.

128.    The funds Mr. Ottaviani contributed to the Business were intended solely to be used to open and operate the Chicago Bakery.

129.    The funds Mr. Ottaviani contributed to the Business have been used for purposes other than opening and operating the Chicago Bakery, as evidenced by the fact that various suppliers of the Chicago Bakery have not been paid for the products they have provided to the Chicago Bakery.

130.    Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC wrongfully, and without authorization, assumed control, dominion, and ownership over Mr. Ottaviani's funds by failing to use the funds as Mr. Ottaviani intended them to be used.

131.    The funds Mr. Ottaviani contributed to the Business belong to Mr. Ottaviani.

132.    Mr. Ottaviani has the right to immediate, absolute, and unconditional use of those funds.

133.    Mr. Ottaviani has demanded the return of the funds he contributed to the Business.

134.    Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC have not met Mr. Ottaviani's demand.

135.     As a direct and proximate result of Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC's conversion of Mr. Ottaviani's funds, Mr. Ottaviani has suffered damages exceeding the sum of $75,000 in an amount to be determined at trial.

## COUNT VI
### (Unjust Enrichment – Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC)

136.     Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 98 as though fully set forth in this paragraph.

137.     By using the money, labor, training, and goodwill Mr. Ottaviani has contributed to the Business without providing Mr. Ottaviani with any remuneration in exchange for his contributions, Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC have unjustly retained a benefit to Mr. Ottaviani's detriment.

138.     Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC's retention of this benefit violates fundamental principles of justice, equity, and good conscience.

139.     As a direct and proximate result of Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC's unjust enrichment at Mr. Ottaviani's expense, Mr. Ottaviani has suffered damages exceeding the sum of $75,000 in an amount to be determined at trial.

## COUNT VII
### (Aiding and Abetting Breaches of Fiduciary Duty – Vito Rubino, Maria Rubino, Rubino Ottaviani LLC, and Rubino Properties LLC)

140.     Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 98 as though fully set forth in this paragraph.

141.     As the manager of 5742 Milwaukee LLC, Fortunato Rubino owes fiduciary duties of loyalty and care to Mr. Ottaviani and 5742 Milwaukee LLC.

142.     Fortunato Rubino has breached his fiduciary duties of loyalty and care to Mr. Ottaviani and 5742 Milwaukee LLC.

143. Vito Rubino, Maria Rubino, Rubino Ottaviani LLC, and Rubino Properties LLC were aware of, and encouraged, Fortunato Rubino's mismanagement and misuse of the funds Mr. Ottaviani contributed to the Business, as well as his mismanagement and misuse of 5742 Milwaukee LLC's assets.

144. Vito Rubino, individually and as a representative of Rubino Ottaviani LLC, knowingly and substantially assisted Fortunato Rubino's breaches of fiduciary duty by managing the day-to-day operations of the Chicago Bakery in a manner that involved misusing Mr. Ottaviani's funds and by doing business through a limited-liability company in which Mr. Ottaviani, a one-third owner of the Business, has no ownership interest.

145. Maria Rubino, individually and as a representative of Rubino Properties LLC, knowingly and substantially assisted Fortunato Rubino's breaches of fiduciary duty by obtaining a mortgage on the property coowned by Mr. Ottaviani without Mr. Ottaviani's consent and without any identifiable benefit to Mr. Ottaviani or 5742 Milwaukee LLC.

146. As a direct and proximate result of Vito Rubino, Maria Rubino, Rubino Ottaviani LLC, and Rubino Properties LLC's aiding and abetting of Fortunato Rubino's breaches of his fiduciary duties of loyalty and care, Mr. Ottaviani has suffered damages exceeding the sum of $75,000 in an amount to be determined at trial.

### COUNT VIII
### (Civil Conspiracy – Fortunato Rubino, Vito Rubino, Maria Rubino, Rubino Ottaviani LLC, and Rubino Properties LLC)

147. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 98 as though fully set forth in this paragraph.

148.     Fortunato Rubino, Vito Rubino, Maria Rubino, Rubino Ottaviani LLC, and Rubino Properties LLC conspired to defraud Mr. Ottaviani, convert Mr. Ottaviani's funds, and unjustly enrich themselves at Mr. Ottaviani's expense.

149.     The Rubino Defendants acted overtly in furtherance of their agreement to achieve these unlawful purposes by (a) participating in misusing funds Mr. Ottaviani invested in the Chicago Bakery, (b) operating the Chicago Bakery through a limited-liability company in which Mr. Ottaviani has no ownership interest, and (c) encumbering the property owned by 5742 Milwaukee LLC with a mortgage and using the proceeds of the mortgage loan for purposes other than those beneficial to 5742 Milwaukee LLC.

150.     As a direct and proximate result of the Rubino Defendants' civil conspiracy, Mr. Ottaviani has suffered damages exceeding the sum of $75,000 in an amount to be determined at trial.

### COUNT IX
### (Accounting – Fortunato Rubino, 5742 Milwaukee LLC, Rubino Ottaviani LLC, and Rubino Properties LLC)

151.     Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 98 as though fully set forth in this paragraph.

152.     Section 7.5 of 5742 Milwaukee LLC's Operating Agreement expressly requires the company, through its manager, to maintain complete and accurate books of account of the company's affairs.

153.     Mr. Ottaviani invested funds in 5742 Milwaukee LLC to be used in establishing and operating the Chicago Bakery.

154.     Mr. Ottaviani does not know the whereabouts of the funds he invested in 5742 Milwaukee LLC and will benefit from their discovery, given that Fortunato Rubino, 5742

Milwaukee LLC's majority member and manager, procured Mr. Ottaviani's investment of the funds through fraud and breaches of fiduciary duty.

155.    For these reasons, Mr. Ottaviani is entitled a full accounting of the books and records of 5742 Milwaukee LLC.

156.    In addition, because Fortunato Rubino also manages Rubino Ottaviani LLC and Rubino Properties LLC, and because those entities, through Fortunato Rubino and their other agents, have been involved in using the funds invested by Mr. Ottaviani and holding and encumbering assets that belong to 5742 Milwaukee LLC, Mr. Ottaviani is also entitled to a full accounting of the books and records of Rubino Ottaviani LLC and Rubino Properties LLC.

## PRAYER FOR RELIEF

**FOR THESE REASONS**, either independently or in combination, Plaintiffs request the entry of a judgment in their favor:

(a)    preliminarily and permanently enjoining Fortunato Rubino, Vito Rubino, and Rubino Ottaviani LLC from using the "New Paradise" trademark in any way, including but not limited to (i) preliminarily and permanently enjoining them from using the name and logo "New Paradise" in any form and (ii) preliminarily and permanently enjoining them from asserting any connection to the Palermo Bakery;

(b)    requiring Fortunato Rubino, 5742 Milwaukee LLC, Rubino Ottaviani LLC, and Rubino Properties LLC to provide a complete and accurate description of the manner in which the unaccounted-for funds from Mr. Ottaviani's investments in the Business have been expended, including but not limited to providing complete and accurate descriptions of (i) what the funds were used for, (ii) when they were used, (iii) the amount in which they were used, (iv) whether any of the funds still exist and, if so, their location, and (v) whether the funds are encumbered in any way;

(c)    imposing a constructive trust on the accounts of 5742 Milwaukee LLC, Rubino Ottaviani LLC, and Rubino Properties LLC that requires those entities to hold, as constructive trustees, any funds Mr. Ottaviani contributed to the Business and restore those funds to Mr. Ottaviani;

(d)      awarding Plaintiffs compensatory damages exceeding the sum of $75,000 in an amount be determined at trial;

(e)      awarding Plaintiffs punitive damages as a result of the willful and malicious nature of the conduct alleged in the complaint in an amount to be determined at trial;

(f)      awarding Plaintiffs profits under section 1117 of the Lanham Act, 15 U.S.C. § 1117;

(g)      awarding Plaintiffs treble damages under section 1117 of the Lanham Act, 15 U.S.C. § 1117;

(h)      awarding Plaintiffs' reasonable attorney's fees and costs under section 1117 of the Lanham Act, 15 U.S.C. § 1117;

(i)      awarding Mr. Ottaviani reasonable attorney's fees and costs in accordance with 805 ILCS 180/40–15 to the extent that any of the claims asserted by Mr. Ottaviani are deemed to be derivative in nature;

(j)      awarding Plaintiffs prejudgment and postjudgment interest; and

(k)      granting any other relief in Plaintiffs' favor and against the Rubino Defendants that the Court deems just.

## JURY DEMAND

Plaintiffs request a jury trial for all claims that can be tried to a jury.

Dated: May 5, 2023

Respectfully submitted,

GIOVANNI OTTAVIANI, individually and derivatively on behalf of 5742 Milwaukee LLC, and NEW PARADISE S.r.l.

By: _/s/ Seth A. Horvath_
One of Their Attorneys

Charles R. Bernardini
Seth A. Horvath
**Nixon Peabody LLP**
70 West Madison Street
Suite 5200
Chicago, Illinois 60602
Telephone: (312) 977-4400
cbernardini@nixonpeabody.com

sahorvath@nixonpeabody.com

*Attorneys for Plaintiffs Giovanni Ottaviani and New Paradise S.r.l.*